■ In the Matter of the Claim of RITA STEFFENS et al., Respondents, v. MOLESTON FIRE DISTRICT et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— MEMORANDUM BY THE COURT. Appeal by the fire district and its insurance carrier from a decision of the Workmen's Compensation Board, filed May 7, 1969, which held that the claimants were dependent upon their deceased son. It is not disputed that the decedent suffered fatal injuries while in the course of his duties as a volunteer fireman. However, the appellants contend that the present record does not contain a sufficient accounting of the family expenses to establish dependency of either parent and that in any event the record establishes that the father was not dependent. In their application for review to the board, the appellants did not dispute the mother's estimate of $600 per month as family expenses and the thrust of the application was for a rehearing to produce further evidence as is noted by the board in its decision. The dissenting member of the board panel did not indicate disagreement with the Referee's finding of dependency, but instead disagreed with the decision of the majority not to restore the case for further evidence. The minimal income of the father (disabled by cataracts of his eyes) at $206.70 per month or $2,480.40 per annum would hardly be sufficient for his own necessities plus maintenance of his home and car with the various insurances and taxes involved therein. Under these circumstances it is clear that the mother was dependent upon the decedent (see *Matter of Grundman* v. *Bickford's*, 30 A D 2d 751), and the carrier not having raised any separate objection as to the father before the board, we do not consider its contention made upon this appeal for the first time as to the dependency of the father. Decision affirmed, with costs to the Workmen's Compensation Board. Herlihy, P. J., Staley, Jr., Cooke and Sweeney, JJ., concur in memorandum by the court; Reynolds, J., dissents, and votes to reverse and remit, in a memorandum. Reynolds, J. (dissenting). In my opinion the present findings and the record are clearly and grossly inadequate to support the board's finding of dependency (see my dissent in *Matter of Estupinan* v. *Cleanorama Drive-In Cleaners*, 32 A D 2d 1026, and compare *Matter of Burnette* v. *Schreve*, 34 A D 2d 186). Initially the dependency of the father and the mother are unquestionably separate issues (*Matter of Jardine* v. *Drake-Crafe-Winston-Tecon-Conduit*, 5 A D 2d 727) and it is clear from the record that the appellants have been fighting the dependency of both the father and mother all the way along. It cannot be said that they are questioning the father's dependency for the first time on appeal and I see no basis as to why they must treat them separately to preserve the issue of dependency as to one

alone if they are attacking the dependency of both. And as to the father, a lack of dependency is clear. The father received $2,484 per year, well over ⅓ of the total family income, and thus was not dependent on the decedent. Nor is there any proof of reduction in family standard of living which might bring about a different result (compare *Matter of Jardine* v. *Drake-Crafe-Winston-Tecon-Conduit, supra*). With the mother she is arguably dependent but the decision is patently deficient in that a deficit in expenses compared to income (the deficit ranging from $693 to $1,203 depending on how you compute it) is not explained and the cost of maintenance of the decedent, his room and board, is not set forth. Moreover, the $600 total monthly expense figure found by the board not only is not itemized, but how it is arrived at is truly unfathomable. This figure presumably is premised upon estimates furnished by the mother without the introduction of checks, bills, or receipts, and an attempt to itemize the $600 monthly expense produced a total of only $469.64. And included in this figure was an estimate for medical expenses of $65 a month based, not on actual expenses incurred, but upon the mother's estimate of those expenses in the event the father was to have the further operation his condition required. There is no direct testimony attempting to explain the source of the additional amount by which the mother's over-all estimate differed from the amounts itemized. At best, on cross-examination she stated that there were additional expenses such as "church, food and clothing, dry cleaning, garbage, newspapers, magazines, gifts, maintenance of the car and [funds given the younger daughter for her expenses]", but these were not set forth much less substantiated. Thus, as in *Matter of Estupinan* v. *Cleanorama Drive-In Cleaners* (*supra*), there is no satisfactory basis to uphold an award and, accordingly, I vote for reversal and remittal.